UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA BRZEG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| NATIONAL INDOOR RV | ) |
| CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Rebecca Brzeg ("Brzeg"), brings this action against Defendant, National Indoor RV Centers, LLC ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

## PARTIES

2. Brzeg has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a company that has conducted business within the Southern District of Indiana at all relevant times.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5. Brzeg was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

-1-

7. Brzeg is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. Between March 28, 2023, and April 7, 2023, Brzeg was an "eligible employee" as that term is defined by the FMLA.

9. Brzeg had a "serious health condition," as that term is defined by the FMLA.

10. Between January 1, 2022, and December 31, 2023, Defendant employed 50 or more employees within a 75-mile radius of the office from which Defendant remotely issued work assignments to Brzeg or to which she reported remotely for supervision.

11. Brzeg worked 1,250 or more hours in the 12-month period preceding March 28, 2023.

12. Brzeg satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a "Dismissal and Notice of Rights" to her on or about December 30, 2023. She now timely files her lawsuit.

13. Brzeg lived and worked from Indiana and intended to keep working for Defendant in Indiana, including in the Indianapolis Division.

14. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

15. Defendant hired Brzeg to be a remote-working Recruiter on or about March 28, 2022.

16. Brzeg initially reported to Manager of Talent Acquisition Laura Robinson ("Robinson") until in or about early February 2023.

17. Brzeg commenced reporting to Manager of Talent Acquisition Brandy Poole ("Poole") starting in or about mid-February 2023.

18. Kevin Moore ("Moore") began working for Defendant as the Senior Director of Human

Resources in or about early February 2023.

19. Brzeg's healthcare provider diagnosed her with Long Covid in or about September 2021.

20. Brzeg's doctor diagnosed her at a later date with the thickening of the lining of her uterine wall and recommended that she have abdominal surgery to remove her uterus and fallopian tubes.

21. Brzeg's impairments have significantly limited her in one or more major life activities, including, but not limited to, thinking, concentrating, cognitively processing information, breathing, memory recall/remembering, and working.

22. In or about December 2022, Brzeg informed Robinson that she had Long Covid and described her symptoms to Robinson.

23. In or about February 2023, Brzeg informed Poole that she had Long Covid and described her symptoms to Poole.

24. In or about February 2023, Brzeg informed Moore that she had Long Covid and described her symptoms to him.

25. Brzeg's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

26. Brzeg went to the Emergency Room on or about February 3, 2023, because of her Long Covid.

27. Brzeg went to the Emergency Room on or about February 23, 2023, because of her Long Covid.

28. Brzeg communicated to Poole on or about February 23, 2023, that she would be absent that day because of going to the Emergency Room.

29. On or about February 27, 2023, Brzeg informed Poole about her Long Covid and its debilitating effects on her.

30. Brzeg then requested a reasonable accommodation from Poole, including providing new or revised operating procedures and processes to her in writing.

31. Moore, Brzeg, and Poole met on or about February 28, 2023, to discuss the accommodation request.

32. Brzeg submitted a letter from her doctor to Moore on or about March 3, 2023, stating that she continues to have symptoms of Long Covid which affects her memory and stamina/endurance and causes shortness of breath and headaches. The doctor also stated that she needed "ongoing flexibility within her employment activities in order to enhance her recovery."

33. The doctor's letter constituted a request for a reasonable accommodation.

34. Brzeg missed work on or about March 9, and 10, 2023, and informed Poole that she would be absent due to illness.

35. More than 14 days after she first requested a reasonable accommodation, on or about March 15, 2023, Moore asked that Brzeg have her doctor complete additional paperwork regarding the requested accommodations.

36. Brzeg asked Moore for FMLA leave paperwork on or about March 24, 2023.

37. Moore responded to Brzeg's request for FMLA paperwork on or about March 27, 2023. He provided the certification paperwork to her to be completed by her doctor.

38. On or about March 29, 2023, Brzeg's doctor returned the completed FMLA certification to Defendant. The doctor requested that Brzeg be granted FMLA leave for abdominal surgery and recovery therefrom from on or about April 12, 2023, to May 30, 2023. The doctor had scheduled her surgery for on or about April 12, 2023.

39. On or about April 3, 2023, Brzeg informed Moore that she was still waiting on her doctor to complete paperwork regarding her reasonable accommodation request.

40. On or about April 3, 2023, Defendant approved Brzeg for FMLA leave from on or about April 12, 2023, to May 30, 2023.

41. On or about April 4, 2023, Moore extended the deadline for the submission of paperwork by Brzeg concerning her reasonable accommodation request to April 10, 2023.

42. Moore informed Brzeg that he was unable to approve her reasonable accommodation request without supplemental written documentation from her doctor.

43. On or about April 4, 2023, Brzeg renewed her request for a reasonable accommodation, including regarding the scheduling of meetings.

44. On or about April 4, 2023, Moore confirmed that Brzeg's work schedule would be 8:00 a.m.-5:00 p.m. (EST), Monday-Friday.

45. Defendant had not defined or established a work schedule for Brzeg before on or about April 4, 2023.

46. On or about April 4, 2023, Brzeg complained to Moore that Poole was not accommodating her disability, including continuing to schedule meetings and candidate interviews late in the day.

47. On or about April 6, 2023, Brzeg submitted, via email, to Moore a letter from her doctor detailing the accommodations recommended by him.

48. Brzeg's doctor recommended the following accommodations for her, among others: avoidance of travel due to breathing issues and anxiety, allowance of flexibility in work hours for personal care and doctors' appointments, avoidance of meetings after 2:00 p.m. (EST), avoidance of candidate interviews after 3:30 p.m. (EST), the review with her of changes in work procedures and

processes for awareness before implementation, and the issuance of new procedures and processes in writing to her.

49. On or after April 6, 2023, Moore did not ask that Brzeg provide any further medical information clarifying or supporting her requested accommodation.

50. In or about early April 2023, Moore and Poole informed Brzeg that they were feeling great pressure to meet the hiring and expansion demands, goals, and objectives of Human Resources and the talent acquisition team, especially in light of Brzeg's upcoming FMLA leave.

51. Poole and Moore communicated to Brzeg that they were "not happy" that she would be off work for surgery for six weeks.

52. On or about April 7, 2023, Moore, Chief Operating Officer Bill Reith, and General Counsel Julie Gebert informed Brzeg that Defendant was firing her.

53. Defendant issued no discipline to Brzeg before her discharge.

54. Brzeg had no understanding that her employment was in jeopardy when Defendant fired her.

55. Defendant took adverse employment actions against Brzeg because of her disability, her record of a disability, its perception of her being disabled, and/or her statutorily-protected conduct (asking for FMLA-qualifying leave and a reasonable accommodation).

56. Any reason proffered by Defendant for the adverse actions it took against Brzeg is pretextual.

57. Brzeg has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### DISABILITY DISCRIMINATION – ADA

58. Brzeg hereby incorporates paragraphs 1-57 of her Complaint.

59. Brzeg asked for reasonable accommodations.

60. Defendant did not engage in the interactive process with Brzeg.

61. Defendant did not grant Brzeg's requests for reasonable accommodations and did not proffer alternative accommodations to her.

62. Defendant used Brzeg's requested reasonable accommodation against her.

63. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brzeg's rights as protected by the ADA.

## COUNT II

### DISABILITY DISCRIMINATION – ADA

64. Brzeg hereby incorporates paragraphs 1-63 of her Complaint.

65. Defendant fired Brzeg because of her disability, her record of a disability, and/or its perception of her being disabled.

66. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brzeg's rights as protected by the ADA.

## COUNT III

### DISABILITY RETALIATION – ADA

67. Brzeg hereby incorporates paragraphs 1-66 of her Complaint.

68. Defendant fired Brzeg because of her engagement in statutorily-protected conduct.

69. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brzeg's rights as protected by the ADA.

## COUNT IV

## VIOLATIONS OF THE FMLA

70. Brzeg hereby incorporates paragraphs 1-69 of her Complaint.

71. Brzeg asked for FMLA leave.

72. Defendant approved Brzeg for FMLA leave.

73. Defendant fired Brzeg because she requested FMLA leave.

74. Defendant fired Brzeg approximately five days before she could take FMLA leave.

75. Defendant interfered with Brzeg's substantive FMLA rights.

76. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brzeg's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Rebecca Brzeg, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Brzeg;

2. Defendant reinstate Brzeg to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory and punitive damages to Brzeg;

4. Defendant pay liquidated damages to Brzeg;

5. Defendant pay pre- and post-judgment interest to Brzeg;

6. Defendant pay Brzeg's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Brzeg any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Rebecca Brzeg

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:   (317)802-7181
Email:       bwilson@wilsonmelton.com
             smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Rebecca Brzeg, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Rebecca Brzeg