UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBECCA BRZEG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00491-TWP-CSW |
| | ) | |
| NATIONAL INDOOR RV CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PENDING MOTIONS

Currently pending before the Court are several pretrial motions filed by Plaintiff Rebecca Brzeg ("Brzeg") and Defendant National Indoor RV Center, LLC ("NIRVC"). In preparation for trial, this Order addresses Brzeg's Motion for Separation of Witnesses (Filing No. 92), Brzeg's Motion to Strike the Final Exhibit List (Filing No. 73), NIRVC's Motion for Leave to File Amended Final Exhibit List (Filing No. 81), NIRVC's Motion for Leave to File Statement of Defenses (Filing No. 109), Brzeg's Motion in *Limine* (Filing No. 86) and NIRVC's Motion in *Limine* (Filing No. 94). Also pending is the Magistrate Judge's Report and Recommendation regarding Brzeg's Motion to Enforce Settlement and Settlement Agreement (Filing No. 104). Three motions remain under advisement and will be discussed at the October 29, 2025 final pretrial conference.

A. **Motion for Separation of Witnesses at Trial (Filing No. 92)**

Brzeg filed a Motion for Separation of Witnesses (Filing No. 92), and NIRVC filed no objection to the Motion. The Court **grants** the Motion. The parties are to instruct their witnesses to report to Room #346 of the Indianapolis courthouse during trial. The parties also are to instruct their witnesses to not discuss their testimony with others either before or after it is given.

**B.     Motion to Strike [56] Defendant's Final Exhibit List (Filing No. 73) and Motion for Leave to File Amended Final Exhibit List (Filing No. 81)**

The case management plan ("CMP") required the parties to file their final exhibit lists by May 19, 2025 (Filing No. 17 at 3). It specified that in the final exhibit list, parties "must precisely identify, preferably by Bates number, each specific document that may be offered at trial in this matter. . . . **No document not expressly identified in the final exhibit list may be offered into evidence at trial**." *Id.* (emphasis added). If the documents were not identified by Bates numbers, the Court required the party to "identify by date and description and include therein the number of pages of each document." *Id.* n.1.

The CMP further specified that if a party identified a possible exhibit that may be used at trial after the deadline, that party "shall immediately file a motion for leave to amend their final . . . exhibit list, and shall identify therein when the . . . exhibit was first identified and explain why that . . . exhibit could not have been identified prior to the deadline." *Id.* at n.2.

Brzeg and NIRVC filed their final exhibit lists by the May 19, 2025 deadline. However, NIRVC's Final Exhibit list (Filing No. 56) is overly broad and lacks the required specificity. The "final" exhibit list is in its entirety provides categories rather than specific documents:

> 1. All communications and correspondences exchanged between Plaintiff and Defendant, or any of Defendant's agents or employees, that relate in any way to Plaintiff's claims against Defendant.
> 2. All communications between Plaintiff and any third-party/non-party, including her medical providers, that relate in any way to Plaintiff's claims against Defendant.
> 3. All of Plaintiff's medical records and bills that relate in any way to Plaintiff's claims against Defendant or Defendant's defenses to the same.
> 4. All documents that relate in any way to Plaintiff's work performance while employed by Defendant.
> 5. All documents that relate in any way to Plaintiff's termination.
> 6. All documents that relate in any way to Plaintiff's alleged disabilities and treatment thereof.
> 7. All documents that relate in any way to Plaintiff's accommodation requests.
> 8. All documents that relate in any way to Plaintiff's FMLA requests.
> 9. All documents submitted to or received from the EEOC by any party.
> 10. Defendant's employment policies and procedures.

> 11. Subject to any objections based on relevance or admissibility, documents identified by Plaintiff in his initial disclosures made under Fed. R. Civ. P. 26(a)(1).
> 12. All documents produced by any third-party/non-party in this matter.

(Filing No. 56 at 3).

On September 3, 2025, attorney Tonya Bond ("Bond") entered an appearance for NIRVC (Filing No. 66). On September 12, Brzeg filed a Motion to Strike Defendant's final Exhibit List (Filing No. 73). Importantly, NIRVC filed no response to that Motion despite filing a response on another motion, and an appearance for another attorney during the response timeline.[1] Per Local Rule 7-1(c)(3)(A), NIRVC's response was due within fourteen days after the Motion to Strike was filed, no later than September 26, 2025. NIRVC filed no response by the deadline and did not petition the Court for an extension of time to do so.

On October 3, 2025—one month after Bond appeared—NIRVC filed its Motion for Leave to File an Amended Final Exhibit List (Filing No. 81) with no explanation as to why it did not timely respond to the Motion to Strike and offering no good cause. The Court sympathizes with NIRVC's new counsel, however, given the unsatisfactory representation and prior admonishments issued to NIRVC's counsel Kelly Milam and Morgan Klutho,[2] the Court agrees with Brzeg that, here, NIRVC inexplicitly missed the deadline and has not shown good cause (Filing No. 82 at 3).

Under Local Rule 7-1 (c)(5), the Court may summarily rule on the motion because the opposing party did not file a response within the deadline. The Court does so now. The Final

---

[1] Steinbrueck appeared for NIRVC on September 24, 2025 (Filing No. 80).

[2] For example, On March 7, 2025, the Court ordered lead counsel for NIRVC, Kelly Milam, to show cause for her failure to appear for a telephonic status conference (Filing No. 36). On April 16, 2025, the Court ordered NIRVC to show cause to address their efforts in this case and ordered lead counsel to attend the settlement conference in-person (Filing No. 43). On April 24, 2025, the Court issued an Order on Show Cause addressing counsel's lack of preparation, inattention to settlement offers, and disregard of Court Orders, including the failure to attend the settlement conference on April 17, 2025 (Filing No. 46). The Court also required counsel to file a verification that she reviewed the Local Rules and all orders entered in this case (Filing No. 46 at 5).

Exhibit List filed by NIRVC clearly lacks the required precision under the case management plan. Therefore, Brzeg's Motion to Strike Defendant's Final Exhibit List is **granted**.

As for NIRCV's request to file a belated amended exhibit list, for the reasons explained below, the Court declines to afford NIRCV this opportunity. "This lawsuit did not start fresh when [NIRVC] obtained new counsel. To the contrary, [its] obligations under the case management plan remained ongoing, and the hole [it] dug for [it]sel[f] through [its] early inactivity was not backfilled by [new counsel]'s appearance." Order Denying Motions for Leave to Belatedly Amend Their Final Witness and Exhibit Lists at 6, *Craig v. Cornerstone Trading Grp., LLC*, No. 1:23-cv-01575 (S.D. Ind. Oct. 9, 2025). NIRVC's previous counsel undoubtedly put NIRVC in a hole, but the proper remedy is a malpractice action against its attorneys, not shifting the burden to the opposing party and the Court. *See Tango Music, L.L.C. v. Dead Quick Music*, *Inc.*, 348 F.3d 244, 247 (7th Cir. 2003).

Importantly, NIRVC did not follow the Court's detailed instructions for filing a motion to belatedly amend an exhibit list (Filing No. 17 at n.2). NIRVC did not immediately file a motion for leave to amend when new counsel appeared. Rather, it waited thirty days to file a motion and only filed it after neglecting to respond to the Motion to Strike. A second appearance by attorney Kyle Steinbrueck was filed two days before the response deadline, yet NIRVC did not request any extensions or file a response to the Motion to Strike at that time. Importantly, NIRVC'S request to file an amended witness list is not supported by good cause. The Motion fails to state when the exhibits were first identified and it does not assert *any* good cause for failing to identify exhibits by the May 19, 2025 deadline. As Brzeg emphasizes, this Court previously declared *in this case*— because of NIRVC's conduct—that "Court orders are not suggestions; they are intended to move the case in an organized fashion toward trial." (Filing No. 46 at 1).

4

The Court is unpersuaded by NIRVC's assertion that Brzeg will not suffer prejudice if the Court allows the belated filing (Filing No. 81 ¶ 5). This matter remains scheduled for jury trial on November 17, 2025. Neither party has requested a continuance of the trial date. The Court agrees with Brzeg that the broad and generalized categories of documents in NIRVC's Final Exhibit List do not even remotely place Brzeg on notice of what specific exhibits it might use at trial (Filing No. 82 at 5). Granting NIRVC's request on the eve of trial would certainly prejudice Brzeg's trial preparation. As Brzeg points out, the Motion to Amend was filed only three business days before the first round of required pretrial filings. Accordingly, NIRVC's Motion for Leave to belatedly file an Amended Final Exhibit List is **denied**.

C.       **Motion for Leave to File Statement of Defenses (Filing No. 109)**

NIRVC also failed to file its statement of defenses on time. NIRVC filed a Motion for Leave to belatedly file its statement of defenses (Filing No. 109). The case management plan directed the parties with the burden of proof to file a statement of claims or defenses that they intend to prove at trial by March 25, 2025 (Filing No. 17 at 5). Brzeg filed her statement of claims on March 25, 2025. NIRVC did not file a statement of defenses by the deadline. Brzeg argues that NIRVC should not be permitted to file its statement of defenses because Defendant's actions in this matter have not legitimately placed Plaintiff on notice of the defenses for which it bears the burden of proof (Filing No. 113 at 5).

NIRVC argues that its position is not a surprise to Brzeg because there is a synopsis of Defendant's Statement of Claims in the case management plan, NIRVC explained its position in discovery responses, and NIRVC relied on its defenses in the administrative proceedings prior to the lawsuit (Filing No. 109 at ¶ 7). While Brzeg's arguments about the lack of apology and good cause are well taken, the Court agrees with NIRVC and concludes that it is in the interest of justice

5

to permit NIRVC to file their belated statement of defenses. *See Wash. Frontier League Baseball, LLC v. Zimmerman*, No. 1:14-cv-01862-TWP-DML, 2018 U.S. Dist. LEXIS 106108, at *3–4 (S.D. Ind. June 26, 2018). The defenses listed in Defendant NIRVC's Statement of Defenses are not a surprise to Brzeg, because NIRVC advanced the arguments throughout the litigation, and asserted them in its Answer (Filing No. 15 at 17–18).

Contrary to Brzeg's assertion that NIRVC's failure to file a statement of defenses resulted in the abandonment of those defenses, (Filing No. 113 at 4–5), this Court has not consistently found waiver based on a failure to file a statement of claims or defenses and declines to do so here. *Bowling v. Netflix, Inc.*, 752 F. Supp. 3d 1053, 1084 (S.D. Ind. 2024); *see also Parker v. Brooks Life Science, Inc.*, No. 19-cv-4796, 2021 U.S. Dist. LEXIS 138562, 2021 WL 3140768, at *9 (S.D. Ind. July 26, 2021) (listing cases).

Brzeg specifically argues that the Answer did not put her on notice of NIRVC's intent to rely on a good faith exception to liquidated damages (Filing No. 113 at 4). Because the exception is to be determined by the Court following the award of damages, the Court will allow NIRVC to file the Statement of Defenses and the parties may brief the good faith exception to liquidated damages issue later should the need arise. If this matter goes to jury trial and the jury returns a verdict in favor of Brzeg on the FMLA claim, Brzeg may renew her motion to preclude evidence on a good faith exception to liquidated damages at an evidentiary hearing following the verdict.

The Court determines that Brzeg will not be prejudiced by the late filing of the statement of defenses, and the statement will be helpful to the Court for the orderly progression of the case during trial. Therefore, NIRVC's Motion for Leave to File Statement of Defenses (Filing No. 109), is **granted** and the Notice of Defenses (Filing No. 109-1) is **deemed filed** as of the date of this Order.

**D.     Plaintiff's Motion in *Limine* (Filing No. 86)**

Brzeg filed a Motion in *Limine*, seeking to exclude certain evidence from trial (Filing No. 86). She seeks to exclude evidence relating to the Equal Employment Opportunity Commission ("EEOC") findings, NIRVC's defenses, and exhibits not expressly identified in NIRVC's Final Exhibit List. NIRVC objects to all of Brzeg's Motions in *Limine* (Filing No. 108).

The Court has "broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id. at 1400-01*. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

**1.     EEOC Determination, Findings, and Dismissal**

The EEOC issued a determination on Brzeg's charge of discrimination prior to the filing of this lawsuit. The charge stated that it would not proceed with the investigation. Notably, the determination also states that this does not mean the claims have no merit and it does not certify that NIRVC is in compliance with the statutes (Filing No. 87 at 4; Filing No. 108-1).

Brzeg moves to preclude evidence relating to the EEOC determination, findings, and dismissal. She argues that the evidence is not relevant, and even if it were relevant, it would still be inadmissible because its minimal probative value is substantially outweighed by the danger that it will unfairly prejudice Brzeg's case or confuse or mislead the jury (Filing No. 87 at 4). NIRVC argues that because the EEOC did not make a determination on any element of the case, it does

not prejudice either side (Filing No. 108 at 2). Yet, NIRVC also asserts that EEOC's decision not to move forward supports its defense that it did not act in a malicious or reckless manner. *Id.*

A "jury cannot determine the proper weight of an EEOC determination of reasonable cause without knowing the evidence an EEOC investigator utilized to make his or her determination and whether that evidence is admissible in court." *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 733 (7th Cir. 2011). "That sort of effort will rarely add much to the probative value of the admissible evidence that is actually submitted to the court or jury for a de novo decision on the merits." 637 F.3d at 733; *see also Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 154–55 (7th Cir. 1985) (concluding that it is not error to exclude the EEOC file to ensure an independent determination of the facts by the court due to the prejudicial and inadmissible contents of the file). The Court therefore agrees with Brzeg that the EEOC determination holds little probative value, and that value is outweighed by the risk of unfair prejudice and confusion to the jury.

NIRVC also asserts that the EEOC investigation itself is important because it shows Brzeg's intent and state of mind. *Id.* at 4. NIRVC can introduce relevant evidence independent from the EEOC determination to show Brzeg's intent and state of mind. Therefore, the Court **grants** Brzeg's second Motion in *Limine* as it relates to evidence of the EEOC determination, findings, and dismissal.

### 2. Defendant's Defenses

Brzeg asks the Court to exclude evidence, both documentary and testimonial, about any affirmative or other defenses for which NIRVC bears the burden of proof at trial (Filing No. 87 at 6). Brzeg makes this request because NIRVC failed to timely file a Statement of Defenses as required by the case management plan. She argues that NIRVC has abandoned any right to present affirmative and other defenses at trial for which it has the burden of proof.

8

Although its filing was untimely, NIRVC did include affirmative defenses with their Answer to the Complaint, and Brzeg has not been prejudiced by its failure to file a Statement of Defenses. NIRVC filed a separate Motion for Leave to File Statement of Defenses, which the Court addressed above. Based on the Court's resolution of the Motion for Leave to File Statement of Defenses, the Court determines that an order in *limine* excluding evidence or argument about affirmative defenses is not warranted. The Motion is **denied**.

### 3. Exhibits Not Identified in Defendant's Final Exhibit List

Brzeg seeks to exclude documents and exhibits not expressly identified in Defendant's Final Exhibit List. Consistent with the Court's ruling above on the Motion for Leave to File an Amended Exhibit List (Filing No. 81), the Motion in *Limine* on this issue is **granted**.

For the reasons stated above, Brzeg's Motion in *Limine* (Filing No. 86) is **granted in part and denied in part**.

### E.    Defendant's Motion in *Limine* (Filing No. 94)

NIRVC filed a Motion in *Limine* (Filing No. 94), seeking to exclude expert testimony, statements from doctors, privileged communications, Indiana Department of Workforce Development records and decisions, statements in an exhibit titled "Accolades", and evidence of a settlement agreement.

### 1. Expert Testimony and Opinion

NIRVC moves to prohibit Brzeg from introducing any expert testimony at trial and eliciting opinion testimony (Filing No. 94 at 2). Brzeg responds that it does not intend to proffer any testimony or opinion testimony by an expert in this case (Filing No. 105 at ¶ 1). Brzeg does intend to offer her opinion on several matters including why she sought medical treatment for her disability or serious health condition, why she asked for reasonable accommodations from Defendant, why she complained to Defendant about an employee not complying with her

9

requested reasonable accommodations, and how the termination caused her to suffer emotional distress. *Id.* This proffered testimony is permissible.

Brzeg may "testify about [her] personal knowledge of [her] own medical conditions and any physical symptoms [s]he experiences. . . . Moreover, [she] can testify to h[er] own opinions that are based on h[er] personal experience and perceptions. . . . [She] need not seek permission before offering this testimony." *See, e.g., Cherrone v. Carter*, 2020 U.S. Dist. LEXIS 260801, 2020 WL 12752818, at *4 (S.D. Ind. Aug. 17, 2020) (citing Fed. R. Evid. 602 and 701). NIRVC may object at trial to specific testimony by Brzeg if it is based on scientific, technical, or specialized knowledge. *Id.*; *see also* Fed. R. Evid. 702.

NIRVC's Motion in *Limine* on this issue is **granted** such that Brzeg cannot present expert testimony or opinion testimony by an expert, but her lay testimony is permitted.

**2. Statements in Dr. Khan's Letters**

NIRVC moves to prohibit Brzeg from using statements contained in letters from Dr. Khan to be offered for the truth of the matters asserted. NIRVC argues that they are inadmissible hearsay and no exception to the rule applies (Filing No. 94 at 5). Brzeg contends that the purpose of the letters and the testimony related thereto is to show the effect of the letters on the decision-making processes and actions (Filing No. 105 at 2). Brzeg has identified a permissible, non-hearsay use of the out-of-court statements. NIRVC has not shown that the statements are clearly not admissible for any purpose, so their request to exclude those statements is **denied**.

The Court need not, and does not, address whether the statements would be admissible for any of the reasons asserted by Brzeg. Determinations about the admissibility of specific statements on particular bases are better made in the context of trial.

**3. Healthcare Provider Statements to Brzeg**

10

NIRVC moves to prohibit Brzeg from testifying about what her healthcare providers told her. Like its argument about the statements in Dr. Khan's letters, NIRVC argues that Plaintiff cannot testify about what her healthcare providers told her because those statements violate the rule against hearsay, and no exceptions exist (Filing No. 94 at 6).

While healthcare providers statements out of court are hearsay, they are often admissible under Fed. R. Evid. 803(4), the hearsay exception for a statement that "is made for—and is reasonably pertinent to—medical diagnosis" or "describes medical history; past or present symptoms or sensations; their inception; or their general cause." Given this exception, the Court declines to rule that all out of court statements to Brzeg by her healthcare providers are inadmissible hearsay. NIRVC's Motion on this issue is **denied**.

### 4. Ms. Gebert's Privileged Communications Regarding Termination

Defendant moves to preclude Plaintiff from questioning Defendant's General Counsel, Julie Davis Gebert, about protected communications regarding Plaintiff's termination. Ms. Brezg has no objection (Filing No. 105 at 4). The Motion in *Limine* is **granted**.

### 5. Records and Decisions of the Indiana Department of Workforce Development

NIRVC moves to exclude records and decisions of the Indiana Department of Workforce Development ("IDWD"). It argues that the IDWD decided whether Brzeg was terminated for "just cause" under Indiana law which is irrelevant to the determination that an employer violated the ADA or the FMLA (Filing No. 94 at 9). Brzeg does not object to the exclusion of the decisions made by the IDWD (Filing No. 105 at 4). She does object to the exclusion of the sworn statements and recordings for impeachment purposes should the defendant witnesses testify inconsistently at trial. *Id.* at 4–5.

The Court agrees with NIRVC that the IDWD decision should be excluded—largely for the same reasons the Court excluded the determination of the EEOC—because there is no probative value beyond what the parties can present on their own (Filing No. 94 at 10 citing *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 624 (7th Cir. 2003)). NIRVC's Motion in *Limine* is **granted** with respect to the decision of the IDWD.

If Brzeg wishes to use evidence of NIRVC's witnesses' contradictory statements in the IDWD proceedings for impeachment purposes, or if she believes another permissible use of the IDWD evidence has arisen during trial, she may request a bench conference and a preliminary ruling from the Court.

### 6. "Accolades" Document

NIRVC moves to prohibit Brzeg from using statements contained in her "Accolades" document to be offered for the truth of the matters asserted. Brzeg argues she is not offering the document for the matter of the truth asserted therein but as part of her request for a performance review (Filing No. 105 at 7). She further argues that the email and attachment are one and should not be separated, since Plaintiff submitted the email and attachment to NIRVC employees as one complete document within the scope of her employment. *Id.* The copied statements from various sources are hearsay, and Brzeg has not identified an exception to the rule against hearsay. NIRVC's Motion in *Limine* is **granted** with respect to the Accolades document.

### 7. Alleged Settlement

NIRVC moves to prohibit Plaintiff from discussing the alleged settlement that is the subject of her Motion to Enforce. Brzeg has no objection (Filing No. 105 at 7). The Motion in *Limine* on this issue is **granted**.

### F. The Magistrate Judge's Report and Recommendation

On October 14, 2025, the Magistrate Judge entered a Report and Recommendation on Plaintiff's Motion to Enforce Settlement and Settlement Agreement (Filing No. 104). For the reasons explained in a separate Order, the Recommendation is **adopted** and Plaintiff's Motion to Enforce Settlement and Settlement Agreement (Filing No. 62) is **denied**.

### CONCLUSION

For the reasons discussed above, Brzeg's Motion to Strike [56] Defendant's Final Exhibit List (Filing No. 73) is **GRANTED** and **Filing No. 56** is **STRICKEN** from the record. NIRVC's Motion for Leave to File Amended Final Exhibit List (Filing No. 81) is **DENIED**. NIRVC's Motion for Leave to File Statement of Defenses (Filing No. 109) is **GRANTED,** and the Notice of Defenses (Filing No. 109-1) is **deemed filed** as of the date of this Order.

The Magistrate Judge's Report and Recommendation regarding Brzeg's Motion to Enforce Settlement and Settlement Agreement (Filing No. 104) is **ADOPTED** and Brzeg's Motion to Enforce Settlement and Settlement Agreement (Filing No. 62) is **DENIED**.

Brzeg's Motion in *Limine* (Filing No. 86) is **GRANTED in part** and **DENIED in part**. NIRVC's Motion in *Limine* (Filing No. 94) is **GRANTED in part** and **DENIED in part**.

The Motion for Leave to Withdraw (Filing No. 67), the Motion to Withdraw Attorney Appearance (Filing No. 75), and Plaintiff's Motion for Attorney's Fees (Filing No. 121) remain **under advisement**. The parties' objections will be discussed at the final pretrial conference on Wednesday, October 29 at 2:00 p.m. in Courtroom 344.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that

specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED.**

Date: 10/29/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Tonya J. Bond
Plews Shadley Racher Braun LLP
tbond@psrb.com

Morgan Klutho
Gordon Ress Scully Mansukhani
mklutho@grsm.com

Shannon L. Melton
Wilson Melton, LLC
smelton@wilsonmelton.com

Kelly V. Milam
Gordon Rees Scully Mansukhani, LLP
kmilam@grsm.com

Kyle D. Steinbrueck
PLEWS SHADLEY RACHER & BRAUN LLP
ksteinbrueck@psrb.com

Bradley L. Wilson
Wilson Melton, LLC
bwilson@wilsonmelton.com