UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA BRZEG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00491-TWP-CSW |
| | ) |
| NATIONAL INDOOR RV CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT**

This matter is before the Court on Plaintiff Rebecca Brzeg's ("Brzeg") Motion to Enforce Settlement Agreement (Filing No. 62) and the Magistrate Judge's Report and Recommendation (Filing No. 104).  On August 28, 2025 the Court referred Plaintiff's Motion to the Magistrate Judge and on October 14, 2025, the Magistrate Judge recommended that Plaintiff Rebecca Brzeg's Motion to Enforce Settlement and Settlement Agreement be denied. For the reasons explained in this Order, the Court **adopts** the Report and Recommendation and **denies** the Motion to enforce the settlement agreement.

**I. DISCUSSION**

The Magistrate Judge submitted her Report and Recommendation ("Report") on October 14, 2025 (Filing No. 104).  The parties were afforded due opportunity pursuant to Federal Rule of Civil Procedure 72(b)(2), and the rules of this Court to file objections. Brzeg timely filed her objection (Filing No. 125). Defendant National Indoor RV Center, LLC ("NIRVC") did not file any objection.

Brzeg does not object to the Report's findings that NIRVC's counsel lacked settlement authority but does object to the finding that a different settlement agreement was proffered by

Plaintiff to Defendant as a counteroffer (Filing No. 125 at 1). Brzeg's counsel reaffirms that Brzeg made no counteroffer because the parties agreed to the material terms of the settlement agreement, including the final material monetary term, on August 5, 2025. *Id.* Counsel clarifies that the agreement sent to NIRVC's counsel, Morgan Klutho ("Klutho"), on August 7, 2025, was the Court Settlement Agreement that Klutho verbally represented would be used to memorialize settlement rather than Plaintiff's proposed new terms in a counteroffer. *Id.* at 3.

Klutho's August 5, 2025 email solicits requested changes in order "to get this one finalized" (Filing No. 62-3). Brzeg's counsel sent proposed changes on August 7, 2025 (Filing No. 62-4) which were never accepted by NIRVC or its counsel. The Magistrate Judge concluded correctly that Brzeg's revisions to the payment provisions–the timing of payment and the allocation of the amount–were, in fact, changes to the material terms of the agreement. Notwithstanding Brzeg's clarification of the record, the Magistrate Judge correctly concluded that "[e]ven if the evidence proved they had been so authorized, the dueling draft agreements negate an enforceable settlement." (Filing No. 104 at 11). Brzeg's clarification is noted, but her objection is **overruled**.

Regardless, Brzeg does not object to the Report's finding that NIRVC's attorneys did not have authority to settle the case on Defendant's behalf, so the result remains the same—Plaintiff's Motion to Enforce Settlement Agreement is **denied**.

## II.  CONCLUSION

The Court, having considered the Magistrate Judge's Report and Recommendation and Brzeg's objection, hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 104) in its entirety. Brzeg's Motion to Enforce Settlement Agreement (Filing No. 62) is **DENIED**.

**SO ORDERED.**

2

Date:    10/29/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Tonya J. Bond
Plews Shadley Racher Braun LLP
tbond@psrb.com

Morgan Klutho
Gordon Ress Scully Mansukhani
mklutho@grsm.com

Shannon L. Melton
Wilson Melton, LLC
smelton@wilsonmelton.com

Kelly V. Milam
Gordon Rees Scully Mansukhani, LLP
kmilam@grsm.com

Kyle D. Steinbrueck
PLEWS SHADLEY RACHER & BRAUN LLP
ksteinbrueck@psrb.com

Bradley L. Wilson
Wilson Melton, LLC
bwilson@wilsonmelton.com