UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA BRZEG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00491-TWP-CSW |
| | ) |
| NATIONAL INDOOR RV CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTIONS TO WITHDRAW APPEARANCES AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

At the October 29, 2025 final pretrial conference, this matter was before the Court on Motions to Withdraw filed by Kelly V. Milam and Morgan C. Klutho, then counsel for Defendant, National Indoor RV Centers, LLC ("NIRVC") (Filing No. 67; Filing No. 75) and Plaintiff Rebecca Brzeg's ("Brzeg") Motion for Attorney's Fees (Filing No. 121). The Court orally granted the motions. (Filing No. 131). In this Order, the Court issues its findings of fact and conclusions of law, which support granting each of the motions.

**I. DISCUSSION**

**A.    Motions to Withdraw**

On September 8 and September 12, 2025, counsels Kelly Milam ("Milam") and Morgan Klutho ("Klutho") with the firm Gordon Rees Scully Mansukhani ("GRSM") moved to withdraw their appearances on behalf NIRVC, asserting that "NIRVC terminated GRSM's representation of it as a party on September 2, 2025." (Filing No. 75). NIRVC stated at the final pretrial conference on October 29, 2025, that it withdrew its previous opposition to the motion and now has no objection to the Court granting Milam's and Klutho's withdrawals. Accordingly, the Motions to

Withdraw were orally **granted** at the October 29, 2025 pretrial conference, and the appearances of attorneys Kelly Milam and Morgan Klutho are **withdrawn**.

**B.**     **Plaintiff's Motion For Attorneys' Fees**

On October 23, 2025, Brzeg moved the Court to award reasonable attorneys' fees for her counsel's hours and fees reasonably expended in litigating the Motion to Enforce Settlement and Settlement Agreement (Filing No. 62), including the motion requesting an award of attorneys' fees (Filing No. 121). While Brzeg asks that Defendant NIRVC pay $15,610.00 in its reasonable attorneys' fees to Plaintiff's counsel for litigating the Motion to Enforce Settlement, the Court determines that the fees should be paid by NIRVC's former counsel, Milam and Klutho, and their firm, Gordon Rees Scully Mansukhani.

In Defendant's Brief in Opposition to Plaintiff's Motion for Attorneys' Fees, NIRVC argues the Court should not award attorneys' fee to Brzeg because the facts here do not support the sanction of an attorneys' fee award (Filing No. 124 at 2–3). The Court is not persuaded. The district court "has inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991)). Sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. *Id.*

The record in this case shows that GRSM's attorneys willfully abused the judicial process and conducted the litigation in bad faith by not focusing efforts on this case, repeatedly disregarding Court orders, and then attempting to settle the case with no authority to do so.

2

1. **<u>GRSM's Lack of Focus and Disregard of Court Orders</u>**

Milam appeared on behalf of NIRVC on November 13, 2024 (Filing No. 25). On January 13, 2025, the Magistrate Judge set a settlement conference for April 17, 2025 (Filing No. 33). The Order detailed required deadlines and procedures relating to the settlement conference and put GRSM on notice that failure to comply with any of the Order's provisions may result in sanctions. *Id.* at 4. On March 7, 2025, Milam failed to appear for a telephonic status conference, and was ordered to show cause for her failure to appear (Filing No. 36). In her Response to Order to Show Good Cause (Filing No. 37), filed on March 15, 2025, Milam admitted that her failure to appear was "embarrassing" and apologized, but within weeks, she disregarded additional Court orders and procedures.

On April 16, 2025, the Magistrate Judge ordered Milam and Klutho to show cause a second time to address their efforts in this case (Filing No. 43). Among other things, NIRVC had not yet responded to Brzeg's settlement demand, despite being ordered to do so twice (Filing No. 33; Filing No. 35) and despite a March 15, 2025 email from defense counsel stating that they would send an updated counteroffer "shortly" (Filing No. 43 at 2). Moreover, on April 15, 2025, per Court order, the parties jointly reported their readiness for the settlement conference and that NIRVC intended to begin the settlement conference with a monetary offer. *Id.* Less than two hours later, defense counsel sent an *ex parte* communication to the Court that NIRVC would not be making a monetary offer. *Id.* Following these incidents, the Magistrate Judge again put GRSM on notice that sanctions may be considered for "inaccurate and misleading representations and for violations of this Court's previous orders" and ordered lead defense counsel, Milam, to attend the settlement conference *in person* with NIRVC. *Id.* at 2–3.

As the Magistrate Judge made clear, a settlement conference should be the culmination of months of focused efforts (Filing No. 43). Milam undoubtedly did not focus her efforts in advance of the settlement conference.[1] Klutho entered her appearance on April 10, 2025, just one week before the settlement conference (Filing No. 41). On April 17, 2025, *Klutho* appeared in person for the settlement conference—but in violation of the Court's order, Milam did not.

On April 24, 2025, the Court issued another Order to Show Cause addressing counsel's lack of preparation, inattention to settlement offers, and disregard of Court orders, including Milam's failure to attend the settlement conference on April 17, 2025 (Filing No. 46). Not only did Milam disregard the order to appear, but she also failed to notify the Court that she would be unable to appear or request that her absence be excused. *Id.* As a result of Milam's failure to comply with Court orders and lack of sufficient good cause in her Response to Show Cause (Filing No. 45), the Court required Milam to file a verification that she reviewed the Court's Local Rules and all orders entered in this case to discharge the show cause order (Filing No. 46 at 5). Milam attested to reviewing the Local Rules and made an affirmative commitment to comply with this Court's orders and directives (Filing No. 50; Filing No. 53).

2. **Unauthorized Settlement**

On September 11, 2025, in Defendant's Morion to Extend Deadline to file its brief in support of opposition to plaintiff's motion to enforce settlement, GRSM's new counsel confirmed that "Defendant never authorized any monetary settlement in this case". (Filing No. 71 at ¶5). While GRSM's repeated failures to follow Court orders and focus on the case may have been poor judgment or negligence, participating in settlement negotiations when counsel knew it had no

---

[1] NIRVC's internal counsel attested that she did not hear from Milam from the time she was introduced as lead counsel on December 10, 2024, until April 10, 2025, and that she had her first call ever with Milam and Klutho on April 14, 2025—only three days before the settlement conference (Filing No. 76-1 at 4).

4

authority to do so is willful bad conduct. Such conduct wasted not only the Court's time, but also that of opposing counsel. According to NIRVC, it never agreed to any settlement, or even settlement negotiations, with monetary offers. (*See* Filing No. 76-1; Filing No. 76-2). In fact, internal counsel for NIRVC declared in an email (dated August 5, 2025) with Milam copied, "[y]ou (and others) may discuss numbers and potential liability all you want, but NIRVC will not consent to settle for even $1." (Filing No. 76-1 at 9.) The record shows that since November 14, 2023, at the latest, NIRVC had consistently told GRSM that it would not offer or agree to any monetary settlement amount. *Id.* at 3 (quoting email to GRSM from November 14, 2023: "We are not interested in settling this matter.").

Despite knowing that she did not have authority to engage in settlement negotiations, Klutho represented, by her actions, that GRSM had its client's authority to engage in settlement negotiations, actively engaged in settlement negotiations, and represented to Brzeg that the case was settled. Plaintiff's counsel had no reason to question Klutho's authority to discuss a monetary resolution or to believe that her communications leading up to the purported settlement agreement—memorialized in email communications—were unauthorized or contrary to her client's directives (Filing No. 62-3). GRSM sent an email without consent or authority to Brzeg, stating "[p]er our conversation, we are settled for $[X]." *Id.* Such conduct clearly shows an intent to deceive or gross negligence. This conduct resulted in Plaintiff's attorneys filing a Motion to Enforce the Settlement and incurring significant attorneys' fees in seeking to enforce the settlement.

As the Court admonished Milam and Klutho at the pretrial conference on October 29, 2025, if GRSM did not have its client's authority to settle this case, its attorneys should have advised

5

opposing counsel and the Magistrate Judge of that and should have not engaged in settlement conferences or settlement negotiations at all.

NIRVC itself has suggested the Court consider sanctions against GRSM, including "paying the purported settlement amount the GRSM Lawyers agreed to without Defendant's knowledge or consent and against its repeated, express authority to never settle the case." (Filing No. 69 at 4). NIRVC points out that GRSM's attorneys' conduct violates the Indiana Rules of Professional Conduct: "**A lawyer shall abide by a client's decision whether to settle a matter**." *Id.* at 3 (citing Ind. R. Prof. Cond. 1.2(a) (emphasis added)).

Despite professed embarrassment[2] for past misconduct, neither GRSM nor its attorneys, Milam and Klutho, apologized to the Court or the parties for their repeated misconduct, including their unauthorized settlement negotiations and monetary settlement offers. The Motions to Withdraw are devoid of any explanation or apology. (*See* Filing No. 67; Filing No. 75). Neither Milam or Klutho showed remorse or offered an apology to the Court or the parties at the October 29, 2025 final pretrial conference, which Milam and Klutho attended via videoconference.[3]

Sanctions in the form of reasonable attorneys' fees are appropriate for GRSM, Milam, and Klutho's willful bad conduct and blatant indifference towards the Court's and the parties' resources.

**3. Reasonableness of Rates and Hours**

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). An attorney's "market rate is the rate that

---

[2] In addition to Milam's declared "embarrassment" to this Court for her failure to appear, just last week, GRSM professed it was "profoundly embarrassed" for its attorneys' misconduct involving artificial intelligence in another U.S. District Court. Gordon Rees Skully Mansukhani Response to Order to Show Cause, *In the Matter of: Jackson Hospital & Clinic, Inc., et al.*, No. 25-30256-CLF (October 23, 2025).

[3] Milam did not even see fit to wear a suit jacket, and Klutho appeared only two minutes before the conference began, after Milam (at the request of the Courtroom Deputy) called Klutho to ensure she would be attending.

lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston v. State of Ill.*, 60 F.3d 1249, 1256 (7th Cir. 1995) (quotation omitted).

The Court finds that Plaintiff's counsel's hourly rates are reasonable and consistent with the hourly rates charged by other practitioners with similar experience. The Court also finds that the hours expended on this matter are reasonable considering the misrepresentations made by Defendant's counsel on which Brzeg relied. Plaintiff's counsel provided detailed accounting of the hours worked in their declarations (Filing No. 122-1; Filing No. 122-2).

For these reasons, Plaintiff's Motion for Attorneys' Fees was orally **granted** at the October 29, 2025 pretrial conference, and the Court **orders** that Milam and Klutho's firm, **Gordon Rees Scully Mansukhani, pay $15,610.00** as reasonable attorneys' fees to Plaintiff's counsel for litigating the Motion to Enforce Settlement and Settlement Agreement (Filing No. 62).

## II.     CONCLUSION

For the reasons explained orally by the Court at the October 29, 2025 pretrial conference and in this Order, the Motions to Withdraw Appearance filed by Kelly V. Milam and Morgan C. Klutho (Filing No. 67; Filing No. 75) are **GRANTED**. Appearances by Attorneys Kelly Milam and Morgan Klutho on behalf of NIRVC are hereby **withdrawn**. The **Clerk is directed** to terminate their appearances on the docket.

Further, for the reasons explained orally by the Court at the October 29, 2025 pretrial conference and in this Order, Plaintiff's Motion for Attorneys' Fees is **GRANTED** (Filing No. 121), and **Gordon Rees Scully Mansukhani is ORDERED to pay $15,610.00 as reasonable attorneys' fees to Plaintiff's counsel** for litigating the Motion to Enforce Settlement and Settlement Agreement. Payment is due within **thirty (30) days of this Order**.

**SO ORDERED.**

Date:  10/31/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Tonya J. Bond
Plews Shadley Racher Braun LLP
tbond@psrb.com

Morgan Klutho
Gordon Ress Scully Mansukhani
mklutho@grsm.com

Shannon L. Melton
Wilson Melton, LLC
smelton@wilsonmelton.com

Kelly V. Milam
Gordon Rees Scully Mansukhani, LLP
kmilam@grsm.com

Kyle D. Steinbrueck
PLEWS SHADLEY RACHER & BRAUN LLP
ksteinbrueck@psrb.com

Bradley L. Wilson
Wilson Melton, LLC
bwilson@wilsonmelton.com