UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA BRZEG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00491-TWP-CSW |
| | ) |
| NATIONAL INDOOR RV CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO RECONSIDER**

This matter is before the Court on Gordon Rees Scully Mansukhani LLP's ("GRSM") Motion to Reconsider October 31, 2025 Order Regarding Subordinate Attorney Morgan C. Klutho Only (Filing No. 141). In the Court's October 31, 2025 Order ("Sanction Order") (Filing No. 132), the Court issued findings of fact and conclusions of law supporting a sanction of reasonable attorneys' fees from GRSM and its attorneys, Kelly Milam ("Milam") and Morgan C. Klutho ("Klutho") (Filing No. 132). GRSM seeks reconsideration of the sanction as to Klutho only and does not challenge any other findings or sanctions imposed by the Court (Filing No. 141 at 2). For the following reasons, the request is **granted**.

## I. BACKGROUND

Plaintiff Rebecca Brzeg, a former employee of Defendant National Indoor RV Center, LLC ("NIRVC"), initiated this action alleging violations of the Americans with Disability Act and the Family and Medical Leave Act (Filing No. 1). GRSM attorney Milam entered her appearance as counsel for NIRVC on November 13, 2024, and Klutho appeared on April 10, 2025 (Filing No. 25; Filing No. 41). After the GRSM attorneys engaged in unauthorized settlement conversations, Plaintiff moved to enforce the purported settlement agreement (Filing No. 62). NIRVC retained

new counsel who appeared on September 3, 2025 (Filing No. 66). Soon after, Milam and Klutho filed a Motion to Withdraw as Counsel (Filing No. 67). New defense counsel opposed Milam and Klutho's motions to withdraw their appearance, and Milam and Klutho filed another Motion to Withdraw as a "reply" (Filing No. 75). On September 19, 2025, a several hours evidentiary hearing was held before the Magistrate Judge on the Motion to Enforce Settlement, in which Klutho and Milam testified as witnesses and all counsel offered oral argument. (*See* Filing No. 79).

The Magistrate Judge issued a Report and Recommendations on the Motion to Enforce Settlement and Settlement Agreement on October 14, 2025 (Filing No. 104). The Magistrate Judge recommended that the motion to enforce settlement be denied, in part because GRSM lacked the "requisite authority to offer any monetary amount to settle." *Id.* at 12. The Magistrate Judge also recommended that Plaintiff's counsel be afforded leave to pursue attorney's fees incurred in litigating the Motion to Enforce. *Id.* Plaintiff's counsel filed its Motion for Attorneys' fees on October 23, 2025 (Filing No. 121).

This action was scheduled for trial by jury to begin on November 17, 2025. On October 30, 2025, the parties, including Milam and Klutho, appeared for a final pretrial conference. The Court discussed the Plaintiff's Motion for Attorneys' Fees and stated it would grant the motion by separate Order, and orally granted Milam and Klutho's motions to withdraw their appearances after NIRVC withdrew its objection. (*See* Filing No. 131). The Sanction Order was issued on October 31, 2025, awarding attorneys' fees to Plaintiff's counsel, to be paid by GRSM, due to Milam and Klutho's misconduct, including repeated disregard of Court orders, a lack of focus, and unauthorized settlement negotiations (Filing No. 132). Four days later, the parties filed a Stipulation of Dismissal with Prejudice (Filing No. 133). Dismissal was granted and the trial date vacated on November 3, 2025 (Filing No. 134).

This Motion for Reconsideration (Filing No. 141) was filed on November 26, 2025, after new counsel appeared for GRSM (Filing No. 140). Notably, neither Plaintiff nor current counsel for NIRVC filed a response to this motion, and the time to do so has passed. The motion is now ripe for the Court's review.

## II. **LEGAL STANDARD**

GRSM does not cite a rule or legal authority for the Motion to Reconsider, but the standards for motions to reconsider are similar regardless of the rule invoked. The Court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer Cnty. Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011); *see* Fed. R. of Civ. Pro. 54(b) (providing that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009) (citation omitted). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.*

The Court applies a standard similar to that for motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of

correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, No. 13-cv-00159, 2014 WL 3507298, at *1–2 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

### III.    DISCUSSION

GRSM asks the Court to reconsider its findings and vacate the October 31, 2025, Order as to Klutho only, arguing that Klutho reasonably relied on her supervising attorney's directions (Filing No. 141 at 2). GRSM contends that Klutho was unaware of the client's lack of consent at the time of her communications and did not knowingly enter a settlement without client consent (Filing No. 141 at 6). Specifically, "[a]s a subordinate attorney, Klutho did not directly communicate with NIRVC about authority to enter into the purported settlement and instead acted at and relied upon the direction of her supervising partner, Milam." *Id.* at 2. GRSM supports its position with hearing testimony from Klutho, who described the chain of communication regarding NIRVC's consent to settle. Klutho explained that she was told GRSM "had consent from the RV company, who told the insurance adjuster . . . who told [her] partner, [Ms.] Milam, who [Klutho] talked to, and [Milam] instructed [her] to call [opposing counsel]." (Filing No. 141 at 4) (citing Filing No. 141 at 38–39, 30:19–31:02).

GRSM argues this testimony provides Klutho with a defense under Rule 5.2 (b) of the Indiana Rules of Professional Conduct, which states that a "subordinate lawyer does not violate the Rules of Professional Conduct if that lawyer acts in accordance with a supervisory lawyer's reasonable resolution of an arguable question of professional duty." GRSM asserts that Klutho

4

"acted in reasonable reliance upon clear directions from her supervising partner, in accordance with" Rule 5.2. (Filing No. 141 at 6).

According to Indiana Rule of Professional Conduct 1.2(a), the authority to settle rests with the client. This principle is fundamental to the attorney-client relationship and the Court is not persuaded that Rule 5.2 relieves Klutho of her obligation under Rule 1.2(a). It does not see an arguable question of professional duty here. Klutho—particularly given NIRVC's "repeated, express authority to never settle the case" (Filing No. 69 at 4)—should have ensured that she had explicit client consent before agreeing to settle. Testimony from the evidentiary hearing does not establish that there was an arguable question of whether NIRVC consented to settle; instead, the testimony shows Klutho was told only that the *insurance adjustor* had informed her partner that the client's consent had been obtained. This kind of indirect communication is too attenuated to create a genuine question of professional duty under Rule 5.2.

However, the Court need not, and therefore, does not find whether Klutho violated Rule 1.2(a), because the sanction was imposed pursuant to the Court's inherent authority. While the Court considered the professional conduct rules, the inherent authority sanction required a finding that a party willfully abused the judicial process or conducted the litigation in bad faith. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991)).

GRSM argues that Klutho did not act willfully or with intent to mislead (Filing No. 141 at 7). GRSM further notes that, except for the settlement conversations, the conduct that led to sanctions occurred before Klutho appeared in the case (Filing No. 141 at 5). GRSM is correct that the April 16, 2025, and April 24, 2025 Orders to Show to Cause concerned Milam's misconduct. Additionally, the Court first considered the motion for sanctions without argument from GRSM;

5

thus, at that time, it was not aware that GRSM attributed the sanctionable conduct regarding settlement discussion solely to Milam.

When the Court issued the Sanction Order, it had not received a substantive response from GRSM to Plaintiff's Motion for Attorneys' Fees (Filing No. 121), nor any argument from GRSM's attorneys at the October 29, 2025, hearing. At the time the Motion for Attorneys' Fees was filed, GRSM's motions to withdraw as counsel were still pending, the Defendant had terminated GRSM's attorneys, and only newly retained defense counsel responded to the Motion for Attorneys' Fees (Filing No. 124). In its Motion to Reconsider, GRSM clarifies Klutho's role, acknowledges the misconduct, and attributes all responsibility to the partner, Milam. The Court finds this clarification to be a significant change in the facts that warrants reconsideration. The Court finds that Klutho, in relying on Milam, did not willfully abuse the judicial process or act in bad faith during the litigation.

The Court accepts GRSM's apology for the sanctionable conduct. Because all wrongdoing can be attributed to Milam's direction of a subordinate attorney, and because the Court finds no willful misconduct by Klutho, in its discretion, the Court **vacates** the Sanction Order as to **Klutho only**. The Sanction Order remains as to GRSM and Milam.

### IV. CONCLUSION

For the reasons explained above, GRSM's Motion to Reconsider (Filing No. 141) is **GRANTED**. The Court's October 31, 2025 Order is **vacated in part** as to Morgan C. Klutho **only**.

SO ORDERED.

Date: 1/7/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

6

Distribution:

Tonya J. Bond
Plews Shadley Racher Braun LLP
tbond@psrb.com

Shannon L. Melton
Wilson Melton, LLC
smelton@wilsonmelton.com

Kyle D. Steinbrueck
PLEWS SHADLEY RACHER & BRAUN LLP
ksteinbrueck@psrb.com

Finis Tatum, IV
Gordon Rees Scully Mansukhani, LLP
ftatum@grsm.com

Bradley L. Wilson
Wilson Melton, LLC
bwilson@wilsonmelton.com